

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Carl C. Hardin, Jr., Secretary
Texas State Board of Dental Examiners
311 Norwood Building
Austin, Texas

Dear Sir:

Opinion No. O-6639
Re: The power granted the Board
of Dental Examiners under Penal
Code, Article 752c, and Revised
Civil Statutes, Article 4549,
as amended, with respect to
their authority in refusing to
examine applicant for license
under certain conditions is
discretionary.

Your letter of recent date reads as follows:

"An emergency situation has just arisen which
makes it imperative for the Board of Dental Exam-
iners to have an opinion from you as soon as pos-
sible on the following questions.

"Article 752c of the Penal Code, Chapter 7
of Title 12, as Amended, reads as follows:

"'The State Board of Dental Examiners <u>shall</u>
be and they are hereby authorized to refuse to
grant a license to practice dentistry to any per-
son or persons who have been guilty, in the opin-
ion of said Board, of violating any of the provi-
sions of the Statutes of The State of Texas relating
to the practice of dentistry, or any provisions of
Chapter 7 of Title 12 of the Penal Code of the
State of Texas, within twelve (12) months prior to
the filing of an application for such license.'

"Concerning this provision, is the authority
therein granted to the Board discretionary or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Carl C. Hardin, Jr., Page 2

mandatory? Does the Board have the authority to wavie such violations and examine the applicant in spite of it?

"Must the violation have occurred within twelve (12) months of the filing of the application? Does this mean that after the expiration of that time, the Board must examine an applicant who, for instance, practiced illegally in Texas fourteen (14) months before filing his application for examination?

"Or does this provision mean that the Board must do its refusing within twelve (12) months of the violation?

"Article 4549 of the Civil Statutes, Chapter 9, Title 71, also covers this refusal of the Board to examine an applicant. This article does not mention any time limitation upon the Board's authority. Can the Board, then, refuse to examine an applicant under Article 4549 even if the twelve months have expired and bar such refusal under Article 752c quoted above?

". . . ."

The statutes pertinent to your inquiry are:

Article 4549, as amended, reads in part as follows:

"The State Board of Dental Examiners shall have authority to refuse to examine any person or refuse to issue a license to any person for any one or more of the following causes:

"(a) Proof of presentation to the Board of any dishonest or fake evidence of qualification or being guilty of any illegality, fraud or deception in the process of examination, or for the purpose of securing a license.

"(b) Proof of chronic or habitual intoxication or addiction to drugs on the part of the applicant.

Honorable Carl C. Hardin, Jr., Page 3

"(c) Proof that the applicant has been guilty
of dishonest or illegal practices in or connected
with the practice of dentistry.

". . . ."

Article 752c, Section 3, is quoted in your letter
and was added by the Acts of 1937, 45th Legislature, p. 1346,
chapter 501.

Chapter 7, Title 12 of Penal Code, State of Texas,
deals with the subject of "Dentistry", such as requiring a
person to obtain a license to practice dentistry (P. C., Art.
747); to comply with the law (P. C., Art. 748); the recorda-
tion of the license (P. C., Art. 749); prohibiting practicing
when license is revoked (P. C., Art. 750); license to be ex-
hibited in the dentist office; enjoining dentists to practice
under own proper name instead of a corporate or trade name
(P. C., Art. 752); etc.

You desire to know whether the authority granted
to the Board is discretionary or mandatory. It is our opin-
ion that these provisions (P. C., Art. 752c and R. S. 1925,
Art. 4549, as amended) are discretionary and the Board can,
in the exercise of its judgment, examine the applicant. It
is also our opinion that the twelve months period mentioned
in P. C., Art. 752c, means twelve months previous to and im-
mediately preceding the date of the filing of the application.
If the applicant had not practiced illegally in Texas for
fourteen months preceding his application and presuming he
possessed all qualifications, the Board should permit him to
take the examination. However, if the applicant engaged in
any illegal practice during the twelve months immediately
preceding the date of his filing then it is discretionary
with the Board whether or not the applicant be permitted to
take the examination. We are further of the opinion that
the time limitation mentioned in the P. C., Art. 752c, is
applicable to the quoted provisions of Art. 4549, as amended.

The fundamental rule in the construction of a stat-
ute is to give effect to the intention of the Legislature
and all statutes relating to the same general subject should
be construed together. Gram v. Coffield (C. A. 116 S. W. 2d
1089). In McBride v. Clayton, 140 Tex. 71, 166 S. W. 2d 125,
it was held that all statutes "are presumed to be enacted
with full knowledge of existing condition of law and with

reference to it, and are to be construed in connection with and in harmony with existing law, and their meaning is to be determined in connection not only with common law and Constitution but also with reference to other statutes and court decisions." And in Stanford v. Butler (Sup. 1944), 181 S. W. 2d 269, 153 A. L. R. 1054, the court held that "All statutes in pari materia are to be construed together as if they were one law, and if it can be gathered from a subsequent statute in pari materia, what meaning Legislature attaches to words of a former statute, this will amount to a legislative declaration of its meaning and will govern construction of first statute."

Our Supreme Court in Natl. Surety Corp. v. Ladd (1938), 115 S. W. 2d 600, 602, has said:

"In the construction of laws, courts will not hesitate to construe words in order to carry out the expressed intention of the Legislature. In many cases the word 'may' has been construed to mean 'shall', and vice versa. The rule is governed by the intention expressed in the statute. . . ."

The time limitation (period of forgiveness) prescribed in P. C., Art. 752c, is not an innovation in our jurisprudence. It has existed from time immemorial and had its beginning in our moral teachings of forgiving our neighbor "the hurt that he hath done unto thee" (Ecclesiastes 28:2). Our Penal Code, Article 2, specifically provides that "the object of punishment is to suppress crime and reform the offender". And in this connection, our courts have held that remoteness of conviction for crime protects a witness against impeachment and "that the period of time in which reformation of the witness should be presumed to have taken place dated with the beginning of his penal servitude". Bernard's v. Austin, (Dallas C. A. 1927) 300 S. W. 256, 259 l.c.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
David Wuntch
Assistant

APPROVED JUL 11, 1945

_____
ATTORNEY GENERAL OF TEXAS

DW:mp

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN